# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 17-2736 PA (KSx) | Date | April 14, 2017 |
|---|---|---|---|
| Title | Noema Gonzalez v. Intercontinental Hotels Group, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| V.R. Vallery | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed by defendant Intercontinental Hotels Group Resources, Inc. ("Removing Defendant"). According to the Notice of Removal, Removing Defendant's co-defendant, Peter Zen need not consent to the removal because he has not been properly served, and no proof of service has been filed for him. (Notice of Removal, ¶¶ 15-16.) In its Notice of Removal, Removing Defendant asserts that this Court has jurisdiction over the action brought against it by plaintiff Noema Gonzalez ("Plaintiff") based on the Court's diversity jurisdiction. See 28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

In attempting to invoke this Court's diversity jurisdiction, Removing Defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id.

In support of its allegations that the Court possesses diversity jurisdiction, the Notice of Removal alleges: "Plaintiff has alleged that 'at all times relevant herein [she] was a resident of Los Angeles County, State of California.' (Compl., ¶ 4). Therefore, [Removing Defendant] is informed and believes,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES - GENERAL

| Case No. | CV 17-2736 PA (KSx) | Date | April 14, 2017 |
|---|---|---|---|
| Title | Noema Gonzalez v. Intercontinental Hotels Group, et al. | | |

and on that basis alleges, that Plaintiff was domiciled in California while she worked in California, and, therefore, Plaintiff is, or was at the time of the filing of this civil action, a citizen of California." (Notice of Removal ¶¶ 8-9.) As the Notice of Removal indicates, the Complaint alleges only Plaintiff's residence. Because the only support for Defendants' allegation of Plaintiff's citizenship is an allegation of residence, and residence is not the same as citizenship, the Notice of Removal's allegations are insufficient to establish Plaintiff's citizenship. Nor can the Court agree with Removing Defendant's assertion that a "party's residence is *prima facie* evidence of his domicile." (Id., ¶ 9(a).) One may own reside in a particular state without being a citizen of that state. See Kanter, 265 F.3d at 857. Additionally, "[a]bsent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Id.; Bradford v. Mitchell Bros. Truck Lines, 217 F. Supp. 525, 527 (N.D. Cal. 1963) ("A petition [for removal] alleging diversity of citizenship upon information and belief is insufficient."). As a result, Defendants' allegations are insufficient to invoke this Court's diversity jurisdiction.

The Court also notes that the Notice of Removal does not allege defendant Peter Zen's citizenship. Instead, the Notice of Removal asserts that he is an improper defendant because he never employed Plaintiff. (Notice of Removal, ¶ 15.) The Ninth Circuit has recognized an exception to the complete diversity requirement where a non-diverse defendant has been "fraudulently joined." Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). If a plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). If the Court finds that the joinder of a non-diverse defendant is fraudulent, that defendant's presence in the lawsuit is ignored for the purposes of determining diversity. See, e.g., Morris, 236 F.3d at 1067.

"There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." Plute v. Roadway Package Sys., Inc., 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001). A claim of fraudulent joinder should be denied if there is any possibility that the plaintiff may prevail on the cause of action against the in-state defendant. See id. at 1008, 1012. "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a possibility that they may do so." Lieberman v. Meshkin, Mazandarani, No. C-96-3344 SI, 1996 WL 732506, at *3 (N.D. Cal. Dec. 11, 1996); see also Good v. Prudential Ins. Co. of Am., 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998) ("[T]he defendant must demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in State court against the alleged sham defendant."). "In determining whether a defendant was joined fraudulently, the court must resolve 'all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party.'" Plute, 141 F. Supp. 2d at 1008 (quoting Dodson v. Spiliada, 951 F.2d 40, 42-43 (5th Cir. 1992)). A court should remand a case "unless the defendant shows that the plaintiff 'would not be afforded leave to amend his complaint to cure [the] purported deficiency.'" Padilla v. AT&T Corp., 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) (quoting Burris v. AT&T Wireless, Inc., No. C 06-02904 JSW, 2006 WL 2038040, at *2 (N.D. Cal. July 19, 2006)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-2736 PA (KSx) | Date | April 14, 2017 |
|---|---|---|---|
| Title | Noema Gonzalez v. Intercontinental Hotels Group, et al. | | |

    Removing Defendant has failed to carry its burden of demonstrating that Peter Zen was fraudulently joined. Plaintiff's Complaint asserts, among other claims, that Peter Zen committed the tort of intentional infliction of emotional distress. (Notice of Removal, Ex. 3, ¶¶ 21-26.) A claim for intentional infliction of emotional distress can be asserted against any individual, such as a co-worker, and does not require the defendant to be the plaintiff's employer. See Alcorn v. Anbro Eng'g, Inc., 468 P.2d 216, 219 (Cal. 1970). If there is "a non-fanciful possibility that plaintiff can state a claim under [state] law against the non-diverse defendants[,] the court must remand." Mireles v. Wells Fargo Bank, N.A., 845 F. Supp. 2d 1034, 1062 (C.D. Cal. 2012) (quoting Macey v. Allstate Property & Cas. Ins. Co., 220 F. Supp. 2d 1116, 1117 (N.D. Cal. 2002)) (brackets in original). The Court finds that Removing Defendant has not met the "heavy burden of persuasion" that there is no possibility that Plaintiff may prevail on her intentional infliction of emotional distress claim against Peter Zen. See Plute, 141 F. Supp. 2d at 1008. Nor can the Court conclude, on this record, that Plaintiff would not be afforded leave to amend her Complaint to state a viable claim. See Padilla, 697 F. Supp. 2d at 1159. As a result, the Court finds that Peter Zen has not been fraudulently joined and this Court cannot ignore his citizenship for purposes of assessing the propriety of Removing Defendant's Notice of Removal.

    For all of the foregoing reasons, Removing Defendant has failed to meet its burden to demonstrate the Court's diversity jurisdiction. Accordingly, the Court remands this action to Los Angeles County Superior Court, Case No. BC652682, for lack for subject matter jurisdiction. See 28 U.S.C. § 1447(c).

    IT IS SO ORDERED.